### UNITED STATES v. COBB (two cases).
### No. 7577.

Circuit Court of Appeals, Fifth Circuit.
May 16, 1935.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for the United States.

J. Chandler Burton, of Birmingham, Ala., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This case presents appeals from judgments awarding Mrs. Della Cobb recovery as beneficiary. and as administratrix on a policy of war risk insurance issued to her son Beckham Cobb while a soldier in the Army of the United States. Error is assigned to the refusal of the District Court to direct verdicts for the United States.

It appears that Cobb enlisted on June 25, 1918, and was discharged on January 23, 1919. Before enlisting he was a machinist earning $40 a week. He was in a shipwreck, presumably on his way to France, and suffered an injury to his chest, which caused a permanent depression of the right side, and was wounded in the leg. He was given vocational training as a mechanical engineer or draftsman at Oklahoma Agricultural and Mechanical College in 1920 and 1921, and was paid compensation at the rate of $140 a month. He was shot and killed on May 9, 1922. The policy lapsed for nonpayment of premiums about March 1, 1919. No claim was made on the policy during his lifetime, and claim was not made by plaintiff until June 19, 1931, some nine years thereafter. The complaint alleged that Beckham Cobb became totally and permanently disabled during the life of the policy by reason of an infected lung, due to trau-

ma or tuberculosis and various and sundry other injuries and diseases, the nature and extent of which were unknown to plaintiff.

To prove permanent and total disability, plaintiff introduced the evidence of four witnesses, two students, the librarian, and a teacher at Oklahoma. Their testimony tended to show that while there he was nervous, irritable, frequently sick, and vomited, especially when he became excited. Plaintiff testified, in substance, that before his induction into the Army her son was strong and robust and after his return home was weak and emaciated and unable to do any work except for short periods. There was no other evidence tending to show that he did any work.

The medical testimony, in substance, was this: Plaintiff introduced the testimony of Drs. Elkourie and Sexton. Defendant offered the testimony of Drs. Reilly, Starry, Nolan, and McGee. Dr. Elkourie testified that he examined Cobb shortly after he returned from the army, found that he was suffering from tuberculosis, treated him for five or six weeks, and advised him to go west. Dr. Reilly testified that he examined Cobb December 30, 1919, found that he was suffering from tuberculosis, considered him totally disabled at the time, but assumed that his tuberculosis would reach a state of rest. Dr. Sexton saw him first in the fall of 1920, treated him while he was a student at Oklahoma, found that he was emaciated, anemic, extremely nervous and neurotic, had chronic gastritis and a duodenal ulcer. Dr. Starry testified that he examined Cobb December 14, 1921, at San Francisco, found that his tuberculosis was arrested, but he was suffering from a duodenal ulcer, not founded upon conditions that would render it permanent. Dr. Nolan testified as an expert that duodenal ulcer is curable by treatment or an operation. Dr. McGee testified that he examined Cobb on December 14, 1921, and again on May 1, 1922, a few days before he was killed; that Cobb complained of nervousness, headache, acute indigestion, shortness of wind, and pain in his eyes. His examination consisted of a general description of the patient, height, weight, temperature, pulse and respiration, examination of eyes, ears, nose, throat, heart, lungs, and extremities; that he found no pathology of the parts mentioned as the result of his examination. Cobb's Army record showed that he weighed 120 pounds stripped when inducted into the Army and 126 pounds with his coat and vest off while in training at Oklahoma.

In addition to their other testimony, Drs. Elkourie and Sexton were permitted to give their opinions, over the objection of defendant, that Cobb was totally and permanently disabled at the times they examined him. Putting this aside as entitled to no probative weight, it is apparent that while Cobb was suffering from tuberculosis as late as December 30, 1919, and his condition might have related back to a time when the policy was in force, although his disability was complete it was not permanent. Dr. Reilly thought Cobb's tuberculosis would become arrested. Dr. Sexton, who saw him thereafter in the fall of 1920, made no diagnosis of tuberculosis, which tends to show it had been arrested. It is doubtful that his other infirmities rendered him totally disabled, but that condition also could have been cured and was temporary.

The burden was on plaintiff to show by a clear preponderance of the evidence that her son became totally and permanently disabled while the policy was in force. It was not enough to show that he was temporarily totally disabled. Her long delay in making a claim under the policy very much weakens her case. Drawing the conclusions most favorable to plaintiff from all the evidence, she has not sustained the burden. It follows that it was error to refuse the requested instructions for directed verdicts. Lumbra v. U. S., 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492; U. S. v. Spaulding, 293 U. S. 498, 55 S. Ct. 273, 79 L. Ed. ——. It is unnecessary to consider the other errors assigned. Both judgments are reversed.

Reversed and remanded.